UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PETER and PAULA HENZE,                                            No. 11-13543

                    Debtor(s).
_____/

Memorandum on Motion for Chapter 11 Trustee
_____

      Chapter 11 debtors in possession Peter and Paula Henze filed their Chapter 11 petition on September 26, 2011. In their statement of affairs filed on October 14, 2011, the Henzes responded to question #10, asking for a list of all transfers made within two years before bankruptcy, by stating "none." This statement was materially false. The Henzes had transferred at least $803,000.00 to their wholly-owned corporation during the eleven months before bankruptcy and had made other significant transfers during that time as well. These transfers came to light during extensive discovery conducted by Luxury Travel Holidays, LLC, the Henzes' largest creditor.

      The Henzes admit that their original statement of affairs was false, but argue that it was due to honest confusion; they say they confused "transfers" with "income"; since the source of the funds was various testamentary trusts and therefore not income, the Henzes explain that they thought they did not have to disclose their transfers of the funds.

      The court is unable to say if the failure to complete the statement of affairs truthfully was the result of dishonesty or mistake. On the one hand, the Henzes have a business background and come

1

from families of some wealth, so they ought to have known that a transfer had to be disclosed even if the source of the funds was not income. On the other hand, Peter Henze appeared somewhat befuddled while testifying in court.

Section 1104(a)(1) of the Bankruptcy Code requires the court to appoint a trustee in Chapter 11 case "for cause, including fraud, dishonesty, incompetence . . . of the debtor . . . either before or after the commencement of the case . . . ." While the court cannot determine if the false statement of affairs was the result of dishonesty or incompetence, it was certainly the result of one or the other. The filing of false schedules or statement of affairs is generally grounds for appointment of a Chapter 11 trustee. *Tradex Corp. v. Morse,* 339 B.R. 823, 834 (D.Mass. 2006); *In re Plaza de Retiro, Inc.*, 417 B.R. 632, 641 (Bankr.D.N.M. 2009). Accordingly, the court is required to order the appointment of a trustee.

For the foregoing reasons, the motion of Luxury Travel Holidays, LLC, for appointment of a trustee will be granted and the U.S. Trustee will be directed to name a Chapter 11 trustee. Counsel for Luxury Travel Holidays, LLC, shall submit an appropriate form of order.

Dated: April 6, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge