UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PETER and PAULA HENZE,  No. 11-13543

Debtor(s).
_____/

Memorandum on Objection to Compensation
_____

Chapter 11 debtors in possession Peter and Paula Henze filed their Chapter 11 petition on September 26, 2011. They retained attorney Craig K. Welch to represent them as debtors in possession, and the court duly approved his employment. Before bankruptcy, the Debtors gave Welch a retainer of $71,280.00. He deposited the retainer into his trust account and drew upon as he did work for the bankruptcy estate, as he was instructed by the court.

Upon motion of the principal creditor, Luxury Travel Holidays, LLC, the court ordered the appointment of a Chapter 11 trustee on April 10, 2012. The court found that Henzes were either dishonest or not competent to represent their estate, but made no finding of any wrongdoing by Welch. As required by statute, the U.S. Trustee consulted with the parties and then named Janina M. Hoskins as Chapter 11 trustee. The court approved her appointment on April 17, 2012.

Hoskins' appointment as Chapter 11 trustee removed Welch from his role as counsel for the bankruptcy estate. However, after her appointment Welch met with Hoskins for several hours and, at

1

her request, delivered financial information to the trustee. Thereafter, he performed some further services which benefitted the estate, including arranging the turnover of documents and convincing the Henzes not to oppose Hoskins' motions.

The case was converted to Chapter 7 on June 18, 2012, with Hoskins continuing on as the Chapter 7 trustee. On January 7, 2013, Welch turned over the un-applied balance in his trust account of $14,992.70. He then applied for approval of his fees in the amount of $56,368.00 and expenses of $1,457.19.[1] These fees include $9,160.00 for serviced performed after Hoskins' appointment.

Luxury Travel Holidays, LLC, ("LTH") objects to Welch's fee application, arguing that the court should reduce it by an astounding $31,788.00. It argues that Welch cannot be compensated as a matter of law for his work after Hoskins' appointment and that Welch's work while his clients were debtors in possession was deficient. Counsel for LTH appeared by telephone and declined the court's offer of an evidentiary hearing, agreeing to submission of the matter based on the papers and representations of counsel.

The court finds no merit to LTH's accusations against Welch. While Hoskins' efforts did result in the recovery of assets which were not disclosed, Welch was in no way implicated in the failure. Debtor's counsel is not responsible for mis-statements in schedules absent evidence that he knew about them, and is not expected to be a policeman of the debtor's conduct. *In re County Liberty, LLC,* 370 B.R. 259, 281 (Bkrtcy C.D.Cal. 2007); *Hansen, Jones & Leta, P.C. v. Segal*, 220 B.R. 434, 458 (D.Utah 1998). See also this court's decisions in *In re Dieringer*, 132 B.R. 34, 36 (Bankr.N.D. Cal.1991), and *In re Northern Building Supply,* 2003 WL 22945631*1 (Bkrtcy.N.D. Cal. 2003).

The purpose of Chapter 11 is reorganization, and Congress has given debtors the right to seek to organize. Welch's efforts to assist the Henzes to reorganize are therefore fully compensable. Even if a plan has no chance of success, it may still be a starting point for negotiations. The court therefore

---

[1] Notwithstanding that his fees sought were less than his retainer, Welch is required to apply for final approval of his fees. See *Matter of Ford,* 446 B.R. 550 (Bkrtcy.M.D.Fla. 2011), and statutes and rules cited therein; *In re Xavier PS, Inc.*, 2012 WL 629042*3 (Bkrtcy.D.Colo. 2012).

2

finds no merit to LTH's argument that Welch should be penalized for proposing a plan of reorganization, preparing a disclosure statement, or taking any of the acts done in furtherance of reorganization.[2] The court finds that Welch has met his burden of justifying all his fees.

However, just because fees are justified does not mean they are recoverable. Without going into too much detail, at one time there was a split among the circuits as to whether an attorney for a debtor who was not a debtor in possession could recover fees from a bankruptcy estate for services which benefitted the estate; such fees were allowed in the Ninth Circuit. *In re Smith*, 305 F.3d 1078 (9th Cir.2002). However, in *Laimie v. U.S. Trustee,* 540 U.S. 526, 124 S.Ct. 1023 (2004), the Supreme Court ruled otherwise. The court agrees with Judge Edward Jellen's decision in *In re Bay Voltex Corp.,* 2006 WL 3834300 (Bkrtcy.N.D.Cal.2006), that *Laimie* applies to counsel for former debtors in possession when a Chapter 11 is converted or a trustee is appointed. The court also agrees that, at least when the fee agreement is silent on the subject, the rule applies to both retainers and additional fees sought from the estate after the retainer has been exhausted. Therefore, with the exception of fees incurred in preparing a final fee application, Welch cannot be compensated from the estate for services rendered after April 17, 2012.

For the foregoing reasons, the court finds that Welch is allowed total compensation in the amount of $47,208.00 in fees and $1,457.19 in expenses, for a total of $48,665.19. Deducting this amount and the $14,992.70 Welch turned over to Hoskins from the retainer of $71,280.00 leaves a balance of $7,622.11. Welch shall turn this amount over to Hoskins forthwith.

Counsel for Welch shall submit an appropriate form of order which counsel for Hoskins has approved as to form.

//

---

[2]Only one matter raised by LTH gives the court pause: Welch initially gave notice of intent to abandon property later sold by Hoskins at some benefit to the bankruptcy estate. The court gives Welch the benefit of the doubt because the amount is small and the court must disallow compensation for services which clearly benefitted the estate only because they were rendered after Hoskins was appointed.

3

Dated: March 11, 2016

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

4